UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENI PEARSONS, et al.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　Defendants. | No. CV 23-07952-RGK-MAR<br><br>**[PROPOSED] ORDER GRANTING LYNNE K. ZELLHART'S MOTION TO DISMISS** |

　　　The Motion to Dismiss ("Motion") filed by defendant Lynne K. Zellhart, having come on for hearing, and the Court having considered the Motion, the Opposition, and the Reply, the evidence presented, and oral argument thereon,

　　　THE COURT HEREBY FINDS THAT:

1. The Motion is Granted.
2. Jeni Pearson and Michael Storc's ("Plaintiffs'") claims against Agent Zellhart, Counts VI, VII, VIII, IX, X, and XI are barred for the following reasons:
   a. Counts VI (conversion and trespass to chattels), VII (breach of bailment), VIII (negligence), and IX (Bane Act) are dismissed for failure to state a claim and lack of jurisdiction in light of the United States' substitution for Agent Zellhart pursuant to 28 U.S.C. § 2679(d)(2).

    b. Counts IX and X, Plaintiffs' *Bivens* claims against Agent Zellhart, are dismissed for failure to state a claim because they arise in a new *Bivens* context and multiple special factors counsel hesitation against extending implied individual tort liability to this new context. *See Egbert v. Boule*, 596 U.S. 482 (2022). Even in a "conventional" Fourth Amendment case, with "almost parallel" allegations to *Bivens* itself, the Supreme Court now instructs courts to apply a special factors analysis, asking whether "the Judiciary is at least arguably less equipped than Congress to weight the costs and benefits of allowing a damages action to proceed." *Id.* at 492. Applying that analysis "in most every case," the Supreme Court stressed, leads to the same result: "no *Bivens* action may lie." *Id. Egbert* was recently reinforced in this Circuit in *Mejia v. Miller*, 61 F.4th 663, 669 (9th Cir. 2023) ("Under *Egbert*, rarely if ever is the Judiciary equally suited as Congress to extend *Bivens* even modestly."). As the Ninth Circuit recently noted, "Essentially then, future extensions of *Bivens* are dead on arrival." *Harper v. Need*, 71 F.4th 1181, 1187 (9th Cir. 2023).

        i. Plaintiffs' claims against Agent Zellhart present a new context different from *Bivens*. Plaintiffs' claims do not concern the arrest of a person, but a property interest in a safe deposit box in a strip mall and the mechanism of injury Plaintiffs' allege is a large scale government operation as opposed to the acts of a single agent.

        ii. Special factors counsel against the implication of a *Bivens* remedy.

            1. Plaintiffs have alternative procedures for relief, such as the FTCA or filing a report with the Office of Inspector General. *See Vega v. United States*, 881 F.3d 1146, 1154 (9th Cir. 2018); *Egbert*, 596 U.S. at 497-98 (Border Patrol's

|   |   |
|---|---|
| 1 | investigation and grievance procedures provided alternative |
| 2 | remedy). |
| 3 | 2. *Bivens* precludes holding Agent Zellhart responsible for |
| 4 | FBI policy and Plaintiffs' claims seek to change FBI policy |
| 5 | to what they are demanding. *Ziglar v. Abbasi*, 137 S. Ct. |
| 6 | 1843, 1860 (2017). |
| 7 | 3. Plaintiffs' *Bivens* claims would cause disruptive intrusion |
| 8 | into the Executive Branch. *Abbasi*, 137 S. Ct. at 1861. |
| 9 | 4. Existing legislation suggests that the absence of a monetary |
| 10 | remedy in this circumstance is more than inadvertent. *Id.* at |
| 11 | 1862. |

c. In the alternative, Counts IX and X, Plaintiffs' *Bivens* claims against Agent Zellhart, are dismissed for failure to state a claim as Agent Zellhart is entitled to qualified immunity.

  i. Plaintiffs fail to allege a claim for judicial deception against Agent Zellhart. The omission of the Government's forfeiture preparations did not create a false impression in light of the scope of criminality detailed in the affidavit.

  ii. It is not clearly established that the inventory search was unconstitutional. [M]otivation [] cannot reasonably disqualify an inventory search that is performed under standardized procedures for legitimate custodial purposes." *United States v. Lopez*, 547 F.3d 364, 372 (2d Cir. 2008) (citations omitted).

d. Counts IX and X, Plaintiffs' *Bivens* claims against Agent Zellhart, are dismissed for failure to state a claim as they are barred by the two-year *Bivens* statute of limitations. *Green v. Tennessee Valley Auth.*, 2006 WL 8439729 at *1 (C.D. Cal. Apr. 21, 2006) ("The Ninth Circuit applies the state statute of limitations for personal injury to *Bivens* claims. In

California the statute of limitations for personal injury is currently two years."). All of the conduct concerning Agent Zellhart that Plaintiffs allege occurred more than two years prior to the filing of the Complaint.

    e. Count XI, entitled "as-applied deprivation of property without due process of law under the Fifth Amendment Due Process Clause," is dismissed because it fails to state a claim. If interpreted as asserting a constitutional violation, it is dismissed for failure to state a claim for the same reasons Plaintiffs' *Bivens* claims must be dismissed.

IT IS HEREBY ORDERED that the Motion is granted and that Plaintiffs' claims against Agent Zellhart are dismissed without leave to amend and Agent Zellhart is dismissed from the First Amended Complaint.

IT IS SO ORDERED.

Dated: _____

                                                    _____
THE HONORABLE R. GARY KLAUSNER
United States District Judge