E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JASMIN YANG (Cal. Bar No. 255254)
YUJIN CHUN (Cal. Bar No. 306298)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8827 (Yang)-0929 (Chun)
    Facsimile: (213) 894-7819
    E-mail: jasmin.yang@usdoj.gov
          yujin.chun@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENI PEARSONS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | No. 2:23-cv-07952-RGK-MAR<br><br>**UNITED STATES OF AMERICA'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date:  March 4, 2024<br>Hearing Time:  9:00 a.m.<br>Ctrm:  850<br><br>Honorable R. Gary Klausner<br>United States District Judge |

**TABLE OF CONTENTS**

DESCRIPTION                                                                                                    PAGE

TABLE OF AUTHORITIES ................................................................................................... ii

I.   INTRODUCTION ........................................................................................................ 1

II.  ARGUMENT ............................................................................................................... 1

    A.   Sovereign Immunity Bars All Tort Claims Against The United States Arising Out of Detention of Goods, and CAFRA Does Not Apply. ............ 1

    B.   Plaintiffs Fail to State a Claim for Breach of Bailment Contract Because They Do Not Allege the Existence of a Bailment. ....................... 3

    C.   Plaintiffs Fail to State an Actionable Claim under the Takings Clause ........ 5

    D.   Plaintiffs Fail to State Actionable Claims under the Bane Act, Which are Against the United States. ............................................................. 6

    E.   Plaintiffs Fail to State an Actionable Claim Under the Fifth Amendment Due Process Clause. ............................................................... 8

III. CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adeleke v. United States*,
  355 F.3d 144 (2d Cir. 2004) ...................................................................................... 9

*Ali v. Fed. Bureau of Prisons*,
  552 U.S. 214 (2008) ................................................................................................ 10

*Allen v. City of Sacramento*,
  234 Cal. App. 4th 41 (2015) ..................................................................................... 7

*Assur. Co. v. United States*,
  252 F.2d 529 (2d Cir. 1958) ..................................................................................... 4

*Batts v. City of Los Angeles*,
  2007 WL 9702899 (C.D. Cal. July 19, 2007) .......................................................... 2

*Bennis v. Michigan*,
  516 U.S. 442 (1996) .................................................................................................. 6

*Blanchard v. County of Los Angeles*,
  2022 WL 17081308 (C.D. Cal. Aug. 25, 2022) ....................................................... 8

*Car Carriers, Inc. v. Ford Motor Co.*,
  745 F.2d 1101 (7th Cir. 1984) .................................................................................. 2

*Cervantes v. United States*,
  330 F.3d 1186 (9th Cir. 2003) ............................................................................ 1, 2

*Denault v. Ahern*,
  857 F.3d 76 (1st Cir. 2017) ...................................................................................... 5

*Dep't of the Army v. Blue Fox, Inc.*,
  525 U.S. 255 (1999) .................................................................................................. 9

*Diaz v. United States*,
  517 F.3d 608 (2d Cir. 2008) ..................................................................................... 9

*Doe v. United States*,
    2023 WL 8126841 (C.D. Cal. Mar. 16, 2023)...............................................................4

*Dunn & Black P.S. v. United States*,
    492 F.3d 1084 (9th Cir. 2007) ...................................................................................3

*FDIC v. Meyer*,
    510 U.S. 471 (1994)...................................................................................................8

*Foster v. United States*,
    522 F.3d 1071 (9th Cir. 2008) ...................................................................................2

*Green v. Hall*,
    8 F.3d 695 (9th Cir.1993) .........................................................................................6

*Grill v. Quinn*,
    No. 2013 WL 3146803 (E.D. Cal. June 18, 2013) ....................................................10

*Han v. Cty. of Los Angeles*,
    2016 WL 2758241 (C.D. Cal. May 12, 2016) ...........................................................8

*Hatzlachh Supply Co, Inc. v. U.S.*,
    444 U.S. 460 (1980)...................................................................................................3

*Hoffman v. United States*,
    17 Fed. Appx. 980 (Fed. Cir. 2001)...........................................................................4

*Humlen v. United States*,
    49 Fed. Cl. 497 (2001) ..............................................................................................4

*Inman v. Anderson*,
    294 F. Supp. 3d 907 (N.D. Cal. 2018) ...................................................................7, 8

*Jenkins v. United States*,
    71 F.4th 1367 (Fed. Cir. 2023) ...............................................................................5, 6

*Kaiser v. Blue Cross of Cal.*,
    347 F.3d 1107 (9th Cir. 2003) ...................................................................................1

*Lane v. Pena*,
    518 U.S. 187 (1996).........................................................................................2, 3, 9

*Lee v. City of Chicago*,
  330 F.3d 456 (7th Cir. 2003) ................................................................................5

*Lingle v. Chevron U.S.A., Inc.*,
  544 U.S. 528 (2005) ...........................................................................................6

*Martin v. City of Los Angeles*,
  2023 WL 1785776 (C.D. Cal. Jan. 5, 2023) .......................................................6

*Ministerio Roca Solida v. United States*,
  778 F.3d 1351 (Fed. Cir. 2015) ...........................................................................9

*Price v. Peerson*,
  2014 WL 12579814 (C.D. Cal. Feb. 12, 2014) ...................................................7

*Ramirez v. Tulare Cnty. Dist. Att'y's Off.*,
  9 Cal. App. 5th 911 (2017) ..................................................................................4

*Reese v. Cnty. of Sacramento*,
  888 F.3d 1030 (9th Cir. 2018) .............................................................................7

*Scope Enterprises, Ltd. v. United States*,
  18 Cl. Ct. 875 (1989) ...........................................................................................3

*Siemonsma v. Mut. Diversified Emps. Fed. Credit Union*,
  2010 WL 4628109 (C.D. Cal. Nov. 8, 2010) .......................................................2

*Thune v. United States*,
  41 Fed. Cl. 49 (1998) ...........................................................................................6

*United States v. Dickinson*,
  331 U.S. 745 (1947) .............................................................................................4

*United States v. Hall*,
  269 F.3d 940 (8th Cir. 2001) ...............................................................................5

*United States v. Nordic Village, Inc.*,
  503 U.S. 30 (1992) ...............................................................................................9

*United States v. Reese*,
  2 F.3d 870 (9th Cir. 1993) ...................................................................................7

*United States v. Russell*,
    80 U.S. (13 Wall.) 623 (1871) ................................................................................4

**Statutes**

28 U.S.C. § 1346 ..........................................................................................................7
28 U.S.C. § 2679(b)(1) ................................................................................................6
28 U.S.C. § 2679(d)(4) ................................................................................................7
28 U.S.C. § 2680(c) .....................................................................................................2
28 U.S.C. § 2680(c)(1) ................................................................................................2

**Rules**

Fed. R. Crim. P. 41(g) ................................................................................................9

I.  **INTRODUCTION**

Plaintiffs' opposition [Dkt. 66] fails to defeat the United States' motion to dismiss [Dkt. 61], making unsupported legal arguments often without any authority. Because the Court lacks subject matter jurisdiction as the result of sovereign immunity, it should dismiss the FAC [Dkt. 44] without leave to amend. Clear, uncontroverted law provides that the detention of goods exception bars Plaintiffs' FTCA claims against the United States, and that no re-waivers apply. Plaintiffs fail to carry their burden to show that a waiver of sovereign immunity permits their claims.

Plaintiffs fail to adequately allege a breach of bailment claim, as they contradict the existence of a bailment; they allege that the United States seized the property without their knowledge or consent. Plaintiffs also fail to state a claim for a violation of the Takings Clause, disregarding the "for public use" requirement and the fact that the clause does not apply where the government is alleged to have lost property. Further, Plaintiffs attempt to argue that the United States is not the proper defendant for their Bane Act claims, asserting that their Bane Act claim is for the violation of the United States Constitution. But a Bane Act claim is a California statutory claim. Further, claims premised on constitutional violations, either federal or state, cannot be brought against the United States, and Plaintiffs also fail to plead the other elements of the Bane Act claim. Finally, the allegation that Plaintiffs' due process rights have been violated is insufficient to overcome sovereign immunity. The Court should dismiss the FAC without leave to amend.

II.  **ARGUMENT**

   **A.   Sovereign Immunity Bars All Tort Claims Against The United States Arising Out of Detention of Goods, and CAFRA Does Not Apply.**

"Absent a waiver of sovereign immunity, courts have no subject matter jurisdiction over cases against the [federal] government." *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003) (citation omitted)). While the FTCA waives immunity for certain tort claims against the United States, here, the detention of goods exception bars Counts I, II, II, VI, VII, and VIII. *See Cervantes v. United States*, 330 F.3d 1186, 1189 (9th Cir. 2003).

1 Plaintiffs do not meaningfully oppose the application of the exception beyond a brief
2 statement without authority that there was no detention of goods. *See* Opp. 6
3 (acknowledging that detention of goods means "[t]he withholding of another's personal
4 property," and asserting without any explanation that this would not apply when the
5 withholding is done by a seizure).

6 Instead, Plaintiffs argue that the re-waiver of sovereign immunity provided by the
7 CAFRA should apply. *Id.* But as Plaintiffs acknowledge (Opp. 6), the CAFRA amendment
8 to 28 U.S.C. § 2680(c) only applies to seizures where their *only* purpose was forfeiture.
9 *See Foster v. United States*, 522 F.3d 1071, 1073, 1075 (9th Cir. 2008). Here, forfeiture
10 was not the sole purpose. *See* FAC ¶ 47 ( "to bring USPV's business to a "screeching
11 halt"); ¶ 117 ("shut down USPV's business"); ¶¶ 139, 149-151, and 170 (same). Plaintiffs
12 implausibly try to argue that the only purpose for seizure was forfeiture (Opp. 8), but that
13 argument is not in the FAC. In fact, it contradicts the FAC allegations and the fact that a
14 warrant was issued on grounds that had nothing to do with a supposed intent only to seize
15 for forfeiture. "[I]t is axiomatic that the complaint may not be amended by the briefs in
16 opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,
17 1107 (7th Cir. 1984); *see also, e.g.*, *Siemonsma v. Mut. Diversified Emps. Fed. Credit*
18 *Union*, 2010 WL 4628109, at *2 (C.D. Cal. Nov. 8, 2010) (declining to consider unpled
19 allegations asserted in opposition brief); *Batts v. City of Los Angeles*, 2007 WL 9702899,
20 at *3 (C.D. Cal. July 19, 2007) (same).

21 While Plaintiffs attempt to distinguish *Foster* by questioning whether the
22 investigatory purpose was "legitimate," there is no legal authority provided for the
23 proposition that this would make any difference. *See* Opp. 7. Plaintiffs baldly state that
24 they "preserve the argument that" *Foster* was "wrongly decided." *Id*. at 6, fn. 2. This
25 Court, however, must follow Ninth Circuit precedent. In addition, the Court need not rely
26 on *Foster* alone because the statutory text is clear that "the property was seized for the
27 purpose of forfeiture[.]" 28 U.S.C. § 2680(c)(1). Any waiver of sovereign immunity "must
28 be unequivocally expressed in statutory text…and will not be implied." *Lane v. Pena*, 518

U.S. 187, 192 (1996) (citations omitted). While Plaintiffs may wish to imply ambiguity, courts in this circuit are instructed to "construe any ambiguities in the scope of a waiver in favor of the sovereign." *Id.* (citations omitted). Plaintiffs bear "the burden of establishing that [their] action falls within an unequivocally expressed waiver of sovereign immunity by Congress." *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007). It is not enough that Plaintiffs may disagree with *Foster*; they must establish that Congress has unequivocally expressed a waiver of sovereign immunity, and they have not done so. Accordingly, Plaintiffs' tort claims must be dismissed.

### B. Plaintiffs Fail to State a Claim for Breach of Bailment Contract Because They Do Not Allege the Existence of a Bailment.

As argued in the United States' moving brief, a seizure of property pursuant to a warrant does not itself constitute an implied bailment contract. *See* Motion at 8-9 (citing cases). Plaintiffs rely on *Scope Enterprises, Ltd. v. United States*, 18 Cl. Ct. 875, 883–84 (1989), quoting, "obviously true that an implied-in-fact contract of bailment may result from governmental seizure of merchandise or money[.]" Opp. 10. But, the full sentence in the opinion is: "*While* obviously true…*no bailment took place here.*" *See Scope Enterprises, Ltd.*, 18 Cl. Ct. at 883 (emphasis added). It continues: "Bailment connotes a trust or an understanding that one party will deliver personal property to another…with the express or implied understanding that the chattel will be returned or accounted for[.]" *Id.* at 883-84.

Indeed, *Scope Enterprises* further acknowledged that an implied-in-fact contract requires the contract to be authorized by the United States government through the specific agents in question. *See id.* Furthermore, the context that *Scope Enterprises* cited was limited: in *Hatzlachh Supply Co, Inc. v. U.S.*, 444 U.S. 460, 461-62 (1980), *the Court of Claims had initially conceded that there could be a strong case for an implied-in-fact contract* because the government had agreed to return the seized goods upon following specific terms and payment of a fine. What's more, Plaintiffs concede that upon remand, the Court of Claims found after trial that there was no implied in fact contract, because

3

there was no meeting of the minds and nobody with authority to bind the government. Opp. 12, fn. 10. Here too, there was no agreement between Plaintiffs and authorized government officials. *Cf. Doe v. United States,* 2023 WL 8126841, at *2 (C.D. Cal. Mar. 16, 2023) (FBI agents had no actual authority to enter into contract for plaintiff to perform legal services, and stating that "As a general rule, FBI Special Agents lack the requisite actual authority—either expressed or implied—to contractually bind the United States…because contractual duty is not considered to be an integral part of their duties," quoting *Humlen v. United States*, 49 Fed. Cl. 497, 503 (2001) (cleaned up)).

To the contrary, Plaintiffs allege that they never entrusted their property to the government, and that they never reached an agreement. *See* FAC ¶¶ 21-23, 75. Plaintiffs acknowledge this requirement via the cases they cite. *See* Opp. 11-12. *All. Assur. Co. v. United States*, 252 F.2d 529, 532 (2d Cir. 1958) found an implied promise because there was "elaborate set of ten tickets, at least two of which are designed to restore the goods to the owner" and "an implied promise to redeliver the goods as soon as customs had checked them against the invoice." And in *Hoffman v. United States*, 17 Fed. Appx. 980 (Fed. Cir. 2001), the court found that there was an issue of material fact as to the existence of an implied in fact bailment, concerning certain photographs in light of the possibility that an "authorized government official" represented that the United States Army would return the photographs to plaintiffs' decedent. *Id.* at 989 (internal citation omitted).[1]

Plaintiffs also argue they are bringing their bailment claims under the FTCA as well under California law, and that California bailment law provides that the government is a bailee when an officer seizes property from an arrestee. *See* Opp. 11, fn. 8 (citing *Ramirez v. Tulare Cnty. Dist. Att'y's Off.*, 9 Cal. App. 5th 911, 938 (2017)). However, Plaintiffs' "bailment claims under California law under the FTCA" are barred by the detention of goods exception. *See supra* II.A. In addition, Plaintiffs are not arrestees. Further, Plaintiffs

---

[1] Neither *United States v. Russell*, 80 U.S. (13 Wall.) 623 (1871) nor *United States v. Dickinson*, 331 U.S. 745 (1947), which the Opposition further cites, involved a bailment claim.

4

cite cases where there were implied-in-fact contracts following government action that results in a taking (*see* Opp. 11, fn. 9), but there was no taking here. *See infra* II.C.

Plaintiffs then try to rely on the government's communications following the custody of the boxes regarding return of the property therein. *See* Opp. 12. However, Plaintiffs acknowledged that the communications did not include references to the $2,000 in cash that Plaintiffs seek in this case. *See* FAC ¶ 79 ("The notice did not refer to the cash…"); ¶ 80 (The omnibus notice did not reflect the cash…"). There is therefore no alleged agreement regarding the $2,000 that Plaintiffs insist were in the box. Nor can there be, as the cash was never recorded during the government's inventory. *See* FAC ¶ 74. Plaintiffs' claim of breach of bailment contract should be dismissed.

  **C. Plaintiffs Fail to State an Actionable Claim under the Takings Clause.**

Plaintiffs fail to address the United States' argument that there is no "taking" if the property was not seized for "public use." *See* Motion at 10. Plaintiffs also do not dispute that the "taking" they allege here was not for public use. *See* Opp. *generally*. The cases cited in the Opposition do not address the requirement at all. *See* Opp. 9-10, fn. 6.[2] In addition, none of the cases Plaintiffs rely upon support a finding of a Takings Clause claim where, as here, the government is alleged to have lost the property. *See Jenkins v. United States*, 71 F.4th 1367, 1374-75 (Fed. Cir. 2023) (remanding to determine whether taking occurred where the government allegedly transferred control of vehicles to an impound lot, or sold or authorized the sale of the vehicles); *Denault v. Ahern*, 857 F.3d 76 (1st Cir. 2017) (no taking recognized where officers allegedly refused to return seized vehicle and its contents); *Lee v. City of Chicago*, 330 F.3d 456, 466 n. 5 (7th Cir. 2003) (no Takings claim made); *United States v. Hall*, 269 F.3d 940, 941, 943 (8th Cir. 2001) (same).

In fact, in *Jenkins*, which Plaintiffs discuss at length, the court stated: "…we have consistently held that the government is not liable under the takings clause for property

---

[2] For example, in *Jenkins v. United States*, 71 F.4th 1367, 1370 (Fed. Cir. 2023), the Federal Circuit had simply found that the *legitimacy* of the initial seizure had not precluded takings liability. It did not discuss the requirement of a taking for a *public use*. *See id*.

5

seizure during a criminal investigation or for damage to such property in its custody, even if the decrease in value renders the property essentially worthless." 71 F.4th at 1373. And in the following footnote, the court cites four cases finding no takings liability in those circumstances. *Id.* Thus, *Jenkins* and the other cases Plaintiffs cite support the conclusion that there can be no Takings Clause claim where there is an accidental or negligent impairment of a property interest. The property loss "must have been the direct, natural, probable result of an authorized activity and not the incidental or consequential injury inflicted by the action." *Thune v. United States*, 41 Fed. Cl. 49, 52 (1998). "An accidental or negligent impairment of the value of property is not a taking, but, at most, a tort." *Id.*

Further, Plaintiffs' allegations are inconsistent with a Takings Claim. The Takings Clause only "requires compensation in the event of *otherwise proper interference* amounting to a taking." *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 543 (2005) (emphasis added). "Conversely, if a government action is found to be impermissible—for instance because it fails to meet the 'public use' requirement or is so arbitrary as to violate due process—that is the end of the inquiry. No amount of compensation can authorize such action." *Id.* "The Takings Clause does not apply at all when, as alleged here, property is unlawfully seized and destroyed." *Martin v. City of Los Angeles*, 2023 WL 1785776, at *10 (C.D. Cal. Jan. 5, 2023), report and recommendation adopted, 2023 WL 1784735 (C.D. Cal. Feb. 3, 2023) (dismissing takings claim without leave to amend because plaintiff did not allege a lawful seizure of his property for public use). Because Plaintiffs do not, and cannot, allege that the taking was for public use, and instead repeatedly argue that it was unlawful for the government to have taken custody to begin with, their Takings Clause claim fails. *See also Bennis v. Michigan*, 516 U.S. 442, 452-3 (1996).

### D. Plaintiffs Fail to State Actionable Claims under the Bane Act, Which are Against the United States.

The Westfall Act immunizes federal employees from liability for their "negligent or wrongful act[s] or omission[s] ... while acting within the scope of [their] office or employment." 28 U.S.C. § 2679(b)(1); *Green v. Hall*, 8 F.3d 695, 698 (9th Cir.1993).

6

1  Once certification by the Attorney General (or his designee) is given in a civil action, the
2  Act requires the substitution of the United States as the defendant and leaves the plaintiff
3  with a single avenue of recovery, the FTCA. 28 U.S.C. § 1346 *et seq.*; 28 U.S.C. §
4  2679(d)(4).

5  　　　While acknowledging that the Westfall Act provides that the United States is the
6  only proper defendant for such claims, Plaintiffs cite to the section of the Westfall Act
7  which states that the exclusivity provision does not extend or apply to a civil action against
8  an employee "for a violation of the Constitution of the United States." *See* Opp. 13. But
9  the Bane Act is a California statute, and is not a part of the United States Constitution. A
10 claim for a violation of the Bane Act is not a claim for a violation of the Constitution of
11 the United States. Further, Plaintiffs fail to rebut the United States' arguments that the
12 FAC fails to plead an actionable violation of the Bane Act. *See* Motion at 11-12. Plaintiffs
13 do not, as they must, "allege '(1) interference with or attempted interference with a state
14 or federal constitutional or legal right, and (2) the interference or attempted interference
15 was by threats, intimidation, or coercion.'" *Inman v. Anderson*, 294 F. Supp. 3d 907, 925
16 (N.D. Cal. 2018) (citing *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015));
17 *see also Price v. Peerson*, 2014 WL 12579814, at *3 (C.D. Cal. Feb. 12, 2014). Plaintiffs
18 cannot allege that Special Agent Zellhart, or anyone else in the FBI, even knew about
19 them, much less threatened them.

20 　　　While Plaintiffs insist that their allegation that Agent Zellhart planned to violate the
21 law is sufficient for a Bane Act claim, the Ninth Circuit law is clear that it is not. Alleging
22 general criminal intent is insufficient. *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030,
23 1044–45 (9th Cir. 2018) (citing *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993)).
24 In *Reese v. Cnty of Sacramento*, the Ninth Circuit reversed for this exact reason, finding
25 that the jury should have been instructed to inquire into the officer's "specific intent to
26 violate Reese's Fourth Amendment rights." *Id.* Likewise in *Inman v. Anderson*, 294 F.
27 Supp. 3d 907 (N.D. Cal. 2018), the court found that even where there was assertion of
28 violation of Fourth Amendment rights by refusing to return property, the lack of

allegations suggesting that the physical retention of the property was "achieved 'by threats, intimidation, or coercion'" meant the plaintiff had failed to state a claim under the Bane Act. *Id.* at 925. Stating a claim "requires a showing of coercion independent from the coercion inherent in the wrongful detention [or other tort] itself." *Han v. Cty. of Los Angeles*, 2016 WL 2758241, at *9 (C.D. Cal. May 12, 2016) (alterations in original).

In any event, the claim fails because, as Plaintiffs concede, the Bane Act claims are premised on constitutional violations. *See* Opp. 13. Bane Act claims premised on alleged constitutional violations may not be asserted against the United States as the basis for tort liability, whether they be premised on the United States Constitution or the California Constitution. *See Blanchard v. County of Los Angeles*, 2022 WL 17081308, at *3 (C.D. Cal. Aug. 25, 2022) ("…the Ninth Circuit's reasoning and the purpose of the FTCA necessitate a finding that neither federal nor state constitutional violations may be the basis of an FTCA claim, even when brought under the Bane Act, a state statute."). The Federal government has not consented to liability for constitutional tort claims. *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994). Plaintiffs' Bane Act claims should therefore be dismissed without leave to amend.

### E.  Plaintiffs Fail to State an Actionable Claim Under the Fifth Amendment Due Process Clause.

Plaintiffs ask that the Court declare the United States' contemporaneous application of the Westfall Act and the FTCA to be violative of due process, while claiming that they are not challenging the government's sovereign immunity, its ability to include exceptions, or its power to immunize its employees. *See* Opp. 15. Plaintiffs' only rationale for such a request—to declare that the United States has erred by following the law—is that they are left without remedy. *See id.* But that is insufficient to overcome sovereign immunity. There are numerous situations in which private litigants are left without a preferred compensatory remedy due to sovereign immunity. Due Process does not require the government to waive sovereign immunity to provide Plaintiffs with their preferred form of remedy—or to ensure that they are "made whole."

In addition, Plaintiffs do have a remedy for the unlawful seizure of property in a search and seizure: Fed. R. Crim. P. 41(g) provides that "[a] person aggrieved" by such a seizure "may move for the property's return." The existence of this specific remedy does not mean that *every* potentially injurious aspect of a seizure *must* have a corresponding monetary remedy that can be sought via filing suit against the United States. For example, if the goods are lost or destroyed, or as in this case, cannot be confirmed whether they were ever in the government's possession, there is no remedy for compensation. "[I]f the property is no longer available, sovereign immunity bars the claimant from seeking compensation." *Diaz v. United States*, 517 F.3d 608, 612 (2d Cir. 2008). The fact that Rule 41(g) exists as a remedy does not mean that an FTCA claim exists for the monetary counterpart; "[a] suit for payment of funds from the Treasury is quite different from a suit for the return of tangible property[.]" *United States v. Nordic Village, Inc.*, 503 U.S. 30, 39 (1992). "The sovereign's consent to be sued for the latter form of relief does not imply its consent to be sued for the former because precedent teaches that the Government's consent to be sued must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (internal quotations and citations omitted).

Unlike actions involving private parties, "where a cause of action is authorized against the federal government, the available remedies are not those that are 'appropriate,' but only those for which sovereign immunity has been expressly waived." *Lane*, 518 U.S. at 197 (internal quotation marks omitted); *see also Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 263-65 (1999). Plaintiffs point to no authority by which the United States has waived its sovereign immunity to allow a matter to proceed against it in this situation, nor to any authority which provides that there not being a remedy is sufficient for a brand-new waiver of sovereign immunity.[3] Even where a court may find that government action

---

[3] The concurring opinion cited in the Opposition, *Ministerio Roca Solida v. United States*, 778 F.3d 1351, 1360 (Fed. Cir. 2015), was about the Takings Clause, which does
*(footnote cont'd on next page)*

9

did in fact violate due process, sovereign immunity prevents recovery against the United States. *Grill v. Quinn*, No. 2013 WL 3146803, at *1 (E.D. Cal. June 18, 2013), report and recommendation adopted, 2013 WL 3992117 (E.D. Cal. Aug. 1, 2013), aff'd, 748 F. App'x 122 (9th Cir. 2019).

The Supreme Court has made clear its intent for a strict interpretation of these laws, in *not* waiving sovereign immunity for money demands arising out of detention of goods that are then deemed lost. In *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008), the Supreme Court held that Bureau of Prisons officers who allegedly lost an inmate's personal property during his transfer to another prison were "law enforcement officers" as that term was used in provision of the FTCA, thus finding that the claim was barred. Just as the case at hand attempts to read ambiguities into the FTCA detention of goods exception and CAFRA re-waiver, the *Ali* plaintiff attempted to argue that only law enforcement officers enforcing customs or excise laws were immune under the prior version of § 2680(c). *Ali*, 552 U.S. at 222. The Supreme Court rejected this argument, giving "effect to the text Congress enacted: Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers." *Id.* at 228. The prisoner was ultimately left without remedy even assuming the truth of his allegations, but the Court nevertheless refused to read in an exception to sovereign immunity for such instances, as it is not empowered to do so: "We are not at liberty to rewrite the statute to reflect a meaning we deem more desirable." *Id.* Plaintiffs' Due Process claim should therefore be dismissed without leave to amend.

**III.   CONCLUSION**

For the foregoing reasons, and those set forth in the moving brief, the United States respectfully requests that the Court dismiss the FAC without leave to amend.

---

not apply here not due to sovereign immunity but as the result of there not having been a taking for public use. *See supra* II.C.

10

Dated: February 16, 2024	Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

　　　/s/ *Yujin Chun*　　　　　　　　　
YUJIN CHUN
JASMIN YANG
Assistant United States Attorneys

Attorneys for United States of America

## CERTIFICATE OF COMPLIANCE

　　The undersigned, counsel of record for Defendant, certifies that this brief contains 3,804 words, which complies with the word limit of L.R. 11-6.1 and the Court's word limit.

Dated: February 16, 2024	　　　/s/ *Yujin Chun*　　　　　　　　　
YUJIN CHUN
Assistant United States Attorney